**Ronald JACKSON, Sr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–9007–CR–280.**

Court of Appeals of Indiana, Third District.

Dec. 17, 1990.

HOFFMAN, Presiding Judge.

Defendant-appellant Ronald Jackson, Sr., appeals his conviction for dealing in a Schedule IV controlled substance.

The facts relevant to this appeal disclose that an informant, Harry Sapp, told the East Chicago Police Department that one of its officers, the defendant, was using and trafficking narcotics. The informant then contacted the defendant several times by telephone with the defendant agreeing to come to the informant's home to bring cocaine and librium (chlordiazepoxide). The police contacted the Drug Enforcement Agency due to the nature of the case and D.E.A. agents met the police at the informant's house.

The defendant arrived at the informant's house and was arrested as he walked into the house. A search of defendant's vehicle revealed cocaine in the glove compartment. During a search of the defendant at the D.E.A. office, many tablets of librium were found in defendant's pockets.

Defendant was charged and convicted in federal court of four counts of illegal use of a telephone and one count of possession of cocaine with the intent to deliver. The federal government did not charge defendant with any offense relating to his possession of the librium.

On May 4, 1989, defendant was charged with possession of chlordiazepoxide (librium) with intent to deliver. Defendant was convicted on this charge in March 1990.

■ One issue is presented for review: whether the State's prosecution was barred by the double jeopardy clause of the United States Constitution.

Appellant contends that the State in proving its case had to prove conduct that constituted the offenses for which he was already convicted, illegal use of a telephone and possession of cocaine with the intent to deliver. Appellant relied on *Grady v. Corbin* (1990) — U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548, for the proposition that the double jeopardy clause of the Fifth Amendment of the United States Constitution "bars any subsequent prosecution in which the government, to establish an essential element of an offense charged, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2087. However, *Grady* is distinguishable in that the State of New York charged the defendant with reckless manslaughter, criminally negligent homicide and third-degree reckless homicide after the defendant had already pled guilty in New York's state court to misdemeanors of driving while intoxicated and failure to keep right of the median. These subsequent charges were based on the same incident which had given rise to the misdemeanor charges. In seeking to prove its case on the subsequent charges, the state was proving the defendant's conduct that constituted the misdemeanor offenses to which the defendant had pled guilty in state court.

In this case, the federal government charged and convicted appellant of illegal use of a telephone and possession of cocaine with the intent to deliver. The State then subsequently charged and convicted appellant of possession of chlordiazepoxide (librium) with intent to deliver. Clearly in this case two separate sovereigns charged the appellant rather than the State charging the appellant twice as was the case presented in *Grady, supra.*

■ This Court does not need to address whether the State in proving its case had to rely on proving conduct that constituted offenses for which appellant was convicted in federal court since there is simply no violation of the double jeopardy clause in this case. The court in *Heath v. Alabama* (1985), 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387, in holding that the State of Alabama and the State of Georgia could both charge and convict defendant of the same offense reasoned that "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'" *Id.* at 437, *quoting United States v. Lanza* (1922), 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314. It is well established that states are separate sovereigns with respect to the federal government "because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." *Id.; see also: United States v. Wheeler* (1978), 435 U.S. 313, 98 S.Ct. 1079 [55 L.Ed.2d 303].

There is no double jeopardy clause violation in this case since the appellant was charged and convicted by two separate sovereigns, the State and the federal government.

Affirmed.

STATON and CONOVER, JJ., concur.